IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Case No.: 1:05cv02462 RMU<br><br>The Hon. Ricardo M. Urbina |

## MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Federal National Mortgage Association ("Fannie Mae"), through undersigned counsel, respectfully moves the Court for leave to amend the First Amended Complaint. Counsel for National Union Fire Insurance Company of Pittsburgh, PA does not oppose this motion. Fannie Mae respectfully refers the Court to the attached Memorandum of Points and Authorities filed in support of this motion, as well as the Second Amended Complaint, which is attached thereto.

Respectfully submitted,

_____/s/_____
Matthew J. Schlesinger, DC Bar #429689
Edward J. McAndrew, DC Bar #457227
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
202-414-9200
Fax 202-414-9299

Counsel for Plaintiff
FANNIE MAE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Case No.: 1:05cv02462 RMU<br><br>The Hon. Ricardo M. Urbina |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

Plaintiff Federal National Mortgage Association ("Fannie Mae"), through undersigned counsel, respectfully moves the Court for leave to amend the First Amended Complaint to add ACE American Insurance Company ("ACE") as a defendant.

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleading once as a matter of course" and once a responsive pleading is served, "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a); *see Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004). Rule 15(a) permits a party to amend its pleading to add a new party. Fed. R. Civ. P. 15(a); *Adams*, 219 F.R.D. at 196 (citing *Wiggins v. Dist. Cablevision, Inc.* 853 F. Supp. 484, 499 (D.D.C. 1994)).

According to the Rule, "leave shall be freely given [by the Court] when justice so requires." Fed. R. Civ. P. 15(a). The Court should deny a motion to amend only in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Williamsburg Wax Museum v. Historic Figures, Inc.*,

810 F.2d 243, 247 (D.C. Cir. 1987). Under Rule 15(a), the non-movant bears the burden of persuasion that a motion to amend should be denied on these grounds. *See, e.g., Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004).

In support of this Motion, Plaintiff states:

1. Plaintiff filed its original Complaint on December 23, 2005.

2. Plaintiff filed an Amended Complaint on January 9, 2006; Plaintiff has not otherwise amended its complaint and has not repeatedly failed to cure deficiencies in the Complaint.

3. Defendant National Union agreed to accept service of the Summons and Amended Complaint on January 13, 2006. National Union then filed a Motion for Extension of Time, which this Court granted on January 26, 2006. National Union filed an Answer to the Amended Complaint on February 27, 2006.

4. On February 28, 2006, counsel for Defendant National Union indicated that National Union does not oppose the requested relief. Therefore, the requested relief will not prejudice Defendant National Union.

5. The Motion for Leave to Amend the First Amended Complaint is not intended to delay the proceedings of this matter. Nor is it made in bad faith or with dilatory motive.

6. Further, the addition of ACE as a Defendant is not a futile amendment. ACE issued an excess fidelity bond that provides $15 million in coverage above the limits of the National Union primary bond at issue. If Fannie Mae prevails in this action against National Union, then, given the size of Fannie Mae's claim, coverage should be afforded by the ACE excess bond.

7. Plaintiff has attached the proposed Second Amended Complaint hereto.

## CONCLUSION

For the foregoing reasons, Plaintiff Fannie Mae respectfully requests that the Court grant this Motion for Leave to Amend the First Amended Complaint.

                                          Respectfully submitted,

                                          /s/

Matthew J. Schlesinger, DC Bar #429689
Edward J. McAndrew, DC Bar #457227
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
202-414-9200
Fax 202-414-9299

Counsel for Plaintiff
FANNIE MAE

Dated: February 28, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Federal National Mortgage Association's Motion for Leave to Amend the First Amended Complaint, as well as the Memorandum of Points and Authorities in Support thereof, was served, via electronic filing, on the 28th day of February 2006, on:

>Ronald H. Alenstein, Esq.
>Andrew R. Simmonds, Esq.
>D'Amato & Lynch
>70 Pine Street
>New York, NY  10270
>
>Paul D. Krause, Esq.
>Robert B. Wallace, Esq.
>Wilson, Elser Moskowitz,
>Edelman & Dicker, LLP
>1341 G Street, N.W.
>Fifth Floor
>Washington, DC 20005

>/s/
>Edward J. McAndrew