UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | Civil Action No. 05-CV-2462 RMU |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, *et al.,* | ) ) ) ) ) | |
| *Defendants.* | ) | |

### DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant, ACE American Insurance Company ("ACE"), by and through its counsel, hereby submits its Answer to the Second Amended Complaint (the "Complaint") filed by plaintiff in the above-captioned action. ACE denies each and every allegation of the Complaint, except as specifically admitted below. Specifically responding to the allegations contained in the Complaint, and subject to and without waiving the defenses stated herein, ACE states as follows:

### NATURE OF ACTION

1. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 1 of the Complaint regarding Fannie Mae's relationship with OMC and OMC's alleged theft. With respect to the Bond, ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 1 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions. ACE denies the remaining allegations of paragraph 1 of the Complaint.

DC\561263\1

2. ACE admits that plaintiff is requesting the declaratory relief set forth in paragraph 2 of the Complaint, but denies that plaintiff is entitled to such relief. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 2 of the Complaint and therefore denies them.

## PARTIES

3. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 3 of the Complaint and therefore denies them.

4. ACE admits that defendant National Union is an insurance company. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5. ACE admits the allegations set forth in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 of the Complaint consist of legal conclusions to which no answer is required. To the extent that an answer is required, ACE avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 6 of the Complaint and therefore denies them.

7. The allegations in paragraph 7 of the Complaint consist of legal conclusions to which no answer is required. To the extent that an answer is required, ACE denies such allegations

8. The allegations in paragraph 8 of the Complaint consist of legal conclusions to which no answer is required. To the extent that an answer is required, ACE denies such allegations.

## GENERAL ALLEGATIONS

**A. THE BONDS**

9. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 9 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

10. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 10 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

11. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 11 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

12. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 12 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

13. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 13 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

14. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 14 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

15. ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 15 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

16. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 16 of the Complaint and therefore denies them.

17. ACE admits that it issued the Excess Bond to Fannie Mae. ACE avers that the Excess Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 17 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions.

18. ACE admits that Fannie Mae paid the appropriate premium for the Excess Bond and that Fannie Mae submitted documents as its Proof of Loss and "Updated" Proof of Loss for its Claim. ACE denies each and every remaining allegation contained in paragraph 18 of the Complaint.

### B. OMC'S THEFT OF FANNIE MAE PAYOFF PROCEEDS

#### (1) OMC'S Servicer Obligations to Fannie Mae and the Loan Servicing Process

19. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 19 of the Complaint and therefore denies them.

20. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 20 of the Complaint and therefore denies them.

21. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 21 of the Complaint and therefore denies them.

22. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 22 of the Complaint and therefore denies them.

23. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 23 of the Complaint and therefore denies them.

24. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 24 of the Complaint and therefore denies them.

25. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 25 of the Complaint and therefore denies them.

26. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 26 of the Complaint and therefore denies them.

**(2)   The Fraud Perpetrated on Fannie Mae by OMC**

27. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 27 of the Complaint and therefore denies them.

28. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 28 of the Complaint and therefore denies them.

29. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 29 of the Complaint and therefore denies them.

30. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 30 of the Complaint and therefore denies them.

31. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 31 of the Complaint and therefore denies them.

32. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 32 of the Complaint and therefore denies them.

33. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 33 of the Complaint and therefore denies them.

34. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 34 of the Complaint and therefore denies them.

35. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 35 of the Complaint and therefore denies them.

36. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 36 of the Complaint and therefore denies them.

37. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 37 of the Complaint and therefore denies them.

38. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 38 of the Complaint and therefore denies them.

39. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 39 of the Complaint and therefore denies them.

40. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 40 of the Complaint and therefore denies them.

(3) **Fannie Mae's Discovery of OMC's Fraud and Fannie Mae's Effort's to Mitigate its Losses**

41. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 41 of the Complaint and therefore denies them.

42. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 42 of the Complaint and therefore denies them.

43. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 43 of the Complaint and therefore denies them.

44. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 44 of the Complaint and therefore denies them.

(4) **National Union's [Alleged] Failure to Honor Its Contractual Obligations Under the Bond**

45.     ACE admits that it received a letter from Willis dated October 29, 2004 purporting to provide notice of OMC's alleged fraud and Fannie Mae's alleged loss. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 45 of the Complaint and therefore denies them.

46.     ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 46 of the Complaint and therefore denies them.

47.     ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 47 of the Complaint and therefore denies them.

48.     ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 48 of the Complaint and therefore denies them.

49.     ACE avers that the Bond's terms, conditions, limitations and exclusions speak for themselves and denies the allegations set forth in paragraph 49 of the Complaint to the extent that they are inconsistent with those terms, conditions, limitations and exclusions. ACE further denies that that the loss alleged to Fannie Mae is covered under the Bond.

50.     ACE admits that National Union exchanged certain correspondence to Fannie Mae on which it was copied. ACE avers that such correspondence speaks for itself and denies the allegations set forth in paragraph 50 of the Complaint to the extent that they are inconsistent with such correspondence. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 50 of the Complaint and therefore denies them.

51     ACE admits that National Union exchanged certain correspondence to Fannie Mae on which it was copied. ACE avers that such correspondence speaks for itself and denies the allegations set forth in paragraph 51 of the Complaint to the extent that they are inconsistent

with such correspondence. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 51 of the Complaint and therefore denies them.

52. ACE admits that National Union exchanged certain correspondence to Fannie Mae on which it was copied. ACE avers that such correspondence speaks for itself and denies the allegations set forth in paragraph 52 of the Complaint to the extent that they are inconsistent with such correspondence. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 52 of the Complaint and therefore denies them.

53. ACE admits that National Union exchanged certain correspondence to Fannie Mae on which it was copied. ACE avers that such correspondence speaks for itself and denies the allegations set forth in paragraph 53 of the Complaint to the extent that they are inconsistent with such correspondence. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 53 of the Complaint and therefore denies them.

54. ACE admits that National Union exchanged certain correspondence to Fannie Mae on which it was copied. ACE avers that such correspondence speaks for itself and denies the allegations set forth in paragraph 54 of the Complaint to the extent that they are inconsistent with such correspondence. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 54 of the Complaint and therefore denies them.

55. ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 55 of the Complaint and therefore denies them.

56.     ACE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 56 of the Complaint and therefore denies them.

57.     ACE admits that it received a letter from Fannie Mae addressed to National Union's counsel dated November 29, 2005 on which it was copied. ACE avers that such letter speaks for itself and denies the allegations set forth in paragraph 57 of the Complaint to the extent that they are inconsistent with such correspondence. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 57 of the Complaint and therefore denies them.

58.     ACE denies each and every allegation contained in paragraph 58 of the Complaint.

59.     ACE denies that the alleged loss is covered under the Bond. ACE further avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 59 of the Complaint and therefore denies them.

60.     ACE denies each and every allegation contained in paragraph 60 of the Complaint.

61.     ACE admits that it has not extended coverage under the Excess Bond and that its obligation to do so has not been triggered. ACE further denies all other allegations set forth in paragraph 61 of the Complaint because it lacks sufficient knowledge or information regarding National Union's coverage positions.

62.     ACE denies the allegations set forth in paragraph 62 of the Complaint.

### COUNT ONE: DECLARATORY JUDGMENT

63.     ACE incorporates paragraphs 1-62 of the Complaint above.

64. ACE admits that plaintiff is requesting the relief set forth in paragraph 64 of the Complaint, but denies that plaintiff is entitled to such relief.

65. The allegations in paragraph 65 of the Complaint consist of legal conclusions to which no answer is required.

66. ACE admits that plaintiff is requesting the relief set forth in paragraph 66 of the Complaint, but denies that plaintiff is entitled to such relief.

67. ACE admits that plaintiff is requesting the relief set forth in paragraph 67 of the Complaint, but denies that plaintiff is entitled to such relief.

## COUNT TWO: BREACH OF CONTRACT BY NATIONAL UNION (FAILURE TO PROVIDE COVERAGE)

68. ACE incorporates paragraphs 1-67 of the Complaint above.

69. The allegations contained in paragraph 69 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE denies each and every allegation set forth in paragraph 69 of the Complaint.

70. The allegations contained in paragraph 70 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 70 of the Complaint and therefore denies them.

71. The allegations contained in paragraph 71 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE denies each and every allegation set forth in paragraph 71 of the Complaint.

72. The allegations contained in paragraph 72 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks

knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 72 of the Complaint and therefore denies them.

73. The allegations contained in paragraph 73 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 73 of the Complaint and therefore denies them.

## COUNT THREE: BREACH OF CONTRACT BY NATIONAL UNION (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

74. ACE incorporates paragraphs 1-73 of the Complaint above.

75. The allegations contained in paragraph 75 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 75 of the Complaint and therefore denies them.

76. The allegations contained in paragraph 76 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 76 of the Complaint and therefore denies them.

77. ACE denies that Fannie Mae has a right to receive any recovery under the Bond for "this loss" and avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 77 of the Complaint and therefore denies them.

78. The allegations contained in paragraph 78 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks

knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 78 of the Complaint and therefore denies them.

79. The allegations contained in paragraph 79 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, ACE avers that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 78 of the Complaint and therefore denies them.

## PRAYER FOR RELIEF

ACE admits that the plaintiff is seeking the relief requested in the Prayer for Relief contained in the Complaint but asserts that the allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, ACE denies that plaintiff is entitled to such relief.

ACE further denies that plaintiff is entitled to any of the relief requested in connection with its cause of action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim or cause of action upon which relief can be granted against ACE.

### Second Affirmative Defense

Plaintiff's claims are barred or limited by one or more of the provisions of the Bond and/or Excess Bond.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel and unclean hands.

### Fourth Affirmative Defense

Plaintiff's purported loss does not fall within Rider 2 of the Bond's Insuring Agreement, which provides insurance for "Loss resulting solely and directly from one or more dishonest or fraudulent acts by a Servicing Contractor…The term Servicing Contractor shall mean…a corporation and (its) employees duly authorized by the Insured (Fannie Mae) under written agreement with the Insured to perform servicing activities with respect to mortgage loans owned by the Insured and other types of loans the Insured is authorized by its charter to own but only while such…corporation…is actually performing such services….and NOT while acting in any other capacity, whether on behalf of the Insured or otherwise, including but not limited to the making of any real estate mortgage."

### Fifth Affirmative Defense

Plaintiff's purported loss is excluded under paragraph 3(c) of Rider 2 of the Bond, which excludes "loss through the failure of any Servicing Contractor to collect or receive money for the account of the Insured."

### Sixth Affirmative Defense

Plaintiff's purported loss is excluded from coverage pursuant to paragraph 3(e) of Rider 2 of the Bond, which excludes "loss resulting from directly or indirectly from the complete or partial nonpayment of, or default upon, any loan or transaction in the nature of a loan or an extension of credit made to a servicing contractor, including any such loan or transaction established to provide funds for interim financing or 'warehousing' of mortgage loans whether procured in good faith or through fraud or false pretense."

### Seventh Affirmative Defense

Plaintiff's purported loss is excluded from coverage pursuant to paragraph 3(a) of Rider 3 of the Bond, which excludes "loss resulting from acts committed subsequent to the purchase of mortgage loans by the Insured."

### Eighth Affirmative Defense

Plaintiff's purported loss is excluded from coverage under paragraph 4 of Rider 3 of the Bond, which provides that "it is a condition precedent to the Insured having in good faith purchased any Loan that the Insured shall not have released any funds prior to having received each Mortgage Loan . . . or having received a certification or receipt from its designated document custodian."

### Ninth Affirmative Defense

Plaintiff received approximately $12 million on account of certain of the loans mentioned in connection with its alleged loss, $9 million of which was interest and was not taken into account in computing the extent of its purported loss. Accordingly, pursuant to Section 6 of the Bond, Plaintiff's damages should be reduced in the event that the Court finds that Plaintiff suffered any loss covered by the Bond. Section 6 of the Bond provides that

> All Money received by the Insured (Fannie Mae) from any source whatsoever in connection with any matter from which a claimed loss has arisen, including payments and receipts of principal, interest, dividends, commissions and the like whenever received, shall be deducted from the amount actually paid out, advanced, withdrawn, taken or otherwise lost.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because it seeks damages for uninsured loss stemming from its contractual guarantee that its mortgage backed securities were based on valid first liens.

### Twelfth Affirmative Defense

Plaintiff's claims are barred to the extent that the Complaint seeks coverage for claims arising out of plaintiff's intentional or willful conduct.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred to the extent that plaintiff has failed to perform all of its obligations under the Bond or Excess Bond.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred to the extent that plaintiff has failed to mitigate minimize, or avoid any damage it allegedly sustained, and recovery against defendant, if any, must be reduced by that amount.

### Fifteenth Affirmative Defense

ACE's liability, if any, is limited, *inter alia*, by the "limit of Liability Under this Bond and Prior Insurance" (Section 8) "Other Insurance or Indemnity" (Section 9) and "Deductible Amount" (Section 11) clauses contained in the Bond and "Limit of Liability" clause (Section II) contained in the Excess Bond.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by paragraph 3(e) of Rider 2, of the Bond even in the event that plaintiff establishes that the transactions at issue in this matter were made in connection with a servicing function.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred to the extent that plaintiff's acts or omissions with respect to its interactions with Olympia were in violation of any law, regulation, statute, or violate public policy.

### Eighteenth Affirmative Defense

Fannie Mae's method of operation in connection with its refinance program constitutes a violation of its charter. In addition, Fannie Mae's conduct of its business was adversely impacted by material inadequacies and weaknesses in its internal controls and accounting systems. Both of these, among others, were material to ACE's underwriting decisions and undisclosed to ACE at the time of the underwriting of the Excess Bond. Plaintiffs causes of actions are therefore barred.

### Eighteenth Affirmative Defense

Plaintiff's loss is limited under paragraph II.A. of the Excess Bond, which provides that liability for covered Loss shall attach to ACE "only after the Insurers of the Underlying Policies shall have paid...the full amount of the Underlying Limit and the Insureds shall have paid the full amount of the deductible."

### Nineteenth Affirmative Defense

Coverage under the Excess Bond is unavailable because Section IV.A. of the Excess Bond provides that "[i]n no event shall this [Excess] Bond grant broader coverage than would be provided by [the underlying Bond].

### Nineteenth Affirmative Defense

Coverage under the Excess Bond is unavailable because the plaintiff breached the "cooperation clause" set forth in Condition V.C. of the Excess Bond.

          Respectfully Submitted,

          /s/ Alan J. Joaquin
          /s/ Brooke E. McDonough
          Alan J. Joaquin (DC#446276)
          Brooke E. McDonough (#D20049)
          DRINKER BIDDLE & REATH
          1500 K Street N.W.
          Suite 1100
          Washington, D.C. 20005
          (202) 842-8800
          Fax (202) 842-8465

          *Attorneys for ACE American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer of defendant ACE American Insurance Company to plaintiff's Second Amended Complaint was delivered by first class mail on this 5th day of April 2006 to:

Matthew J. Schlesinger
REED SMITH, LLP
1301 K Street, NW
Suite 1100 East Tower
Washington, DC 20005

Edward J. McAndrew
REED SMITH, LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

Paul D. Krause
Robert Bruce Wallace
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

/s/ Brooke E. McDonough