## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:05-cv-02462 (RMU) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, *et al.*, | ) The Honorable Ricardo M. Urbina ) ) |
| Defendants. | ) ) ) |

## JOINT LOCAL CIVIL RULE 16.3 REPORT
## AND PROPOSED SCHEDULING ORDERS

Pursuant to the Court's Standing Order for Civil Cases, Local Rule 16.3, and Federal Rule of Civil Procedure 28(f), and in anticipation of the Initial Status Hearing scheduled for August 29, 2006 at 1:45 p.m., counsel for the parties submit this Report and Proposed Discovery Plan. Counsel for the parties have met and conferred concerning the fourteen matters set forth in LCvR 16.3(c). Where the parties do not agree, each position is set forth separately.

### I. Statement of the Case

This action arises out of a dispute over insurance coverage for a loss suffered by Plaintiff Federal National Mortgage Association ("Fannie Mae") under a fidelity bond issued to it by Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and an excess bond issued by Defendant ACE American Insurance Company ("ACE"). The National Union Bond provides up to $25 million in coverage after the payment by Fannie Mae of a $5 million deductible. The ACE excess bond provides up to $15 million in coverage over the $25 million limit of the National Union Bond.

**Parties**

Plaintiff Fannie Mae is a federally chartered corporation established by Congress in 1938 for the purpose of creating a secondary market for the purchase and sale of home mortgages. *See* 12 U.S.C. § 1717. Fannie Mae's primary mission is to promote home ownership by increasing the availability of capital for use in residential mortgages. *See id.* § 1716(a). Fannie Mae is deemed to be a citizen of the District of Columbia for purposes of jurisdiction and venue. *Id.* § 1717(a)(2)(B)

Defendant National Union is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania, and maintains its principal place of business in New York, New York.

Defendant ACE is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania, and maintains its principal place of business in Philadelphia, Pennsylvania.

**Jurisdiction**

Fannie Mae alleges that federal subject matter jurisdiction exists under: (1) 28 U.S.C. § 1332, in that the named parties to this action are of completely diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (2) 12 U.S.C. § 1391(a) and (b), which grants Fannie Mae authority "to sue and be sued, and to complain and defend, in any court of competent jurisdiction, State or Federal."

**Claims & Affirmative Defenses**

Fannie Mae alleges that it lost approximately $44 million as a result of Olympia Mortgage Corporation's ("OMC") theft of loan payoff amounts that OMC was required to remit to Fannie Mae for loans OMC was servicing for Fannie Mae. The $44 million, according to

Fannie Mae, represents the unpaid principal balance of 257 loans for which OMC should have remitted to Fannie Mae payoff amounts, but did not.

OMC was a "Seller/Servicer" of mortgage loans. A Seller/Servicer is a company that originates mortgage loans, sells them to Fannie Mae (or others) and then is often retained by Fannie Mae to service the loans purchased by Fannie Mae. The Bond and Excess Bond include a Servicing Contractors Rider and a Forged and Fraudulent Mortgages Rider, which, according to Fannie Mae, provide coverage for losses caused to Fannie Mae by Seller/Servicers when servicing loans for Fannie Mae or selling loans to Fannie Mae, respectively. The Bond and Excess Bond also contain other applicable insuring agreements, according to Fannie Mae.

Fannie Mae also seeks coverage for fidelity claims expenses related to its efforts to determine the amount and extent of the loss under the Bonds, which, according to Fannie Mae, are specifically covered under the Bond.

Fannie Mae sets forth three counts in its Second Amended Complaint: (1) Declaratory Judgment, pursuant to 12 U.S.C. §§ 2201 and 2202; (2) Breach of Contract (Failure to Provide Coverage); and (3) Breach of Contract (Breach of the Implied Covenant of Good Faith and Fair Dealing).

Defendants set forth several Affirmative Defenses detailing why they believe coverage is not afforded for this claim under the Bonds.

National Union alleges that under the express terms of the Servicing Contractors Rider to the Bond, there is no coverage for Fannie Mae's alleged loss when Olympia was acting in any capacity other than as a servicer of the outstanding loans. National Union submits that Fannie Mae's loss is not covered because it arises out of Olympia's actions as a seller or originator of the refinanced loans, and not as the servicer of the outstanding loans. National Union also

contends that Fannie Mae transferred funds for the purchase of the refinanced loans to Olympia's operating account with the knowledge and understanding that Olympia had not yet funded the refinanced loan and paid off and discharged the outstanding loan.  National Union argues that this allegedly improper warehousing of funds for the refinancing by Fannie Mae bars coverage for this claim under an exclusion to the Servicing Contractor Rider (which, according to National Union, states there is no coverage for loss resulting directly or indirectly from any loan, or transaction in the nature of a loan, to the servicing contractor).

    National Union further contends that coverage is not afforded under the terms of the Forged and Fraudulent Mortgages Rider to the Bond because this coverage is limited to certain specified types of forgery or fraud, and the facts asserted by Fannie Mae do not fall within the coverage terms.  National Union submits that various exclusions to coverage under Rider 3 are also applicable.

    National Union also asserts numerous other defenses, including some based on other exclusions in the Bond, and asserts a set-off for certain funds it contends were already received by Fannie Mae.  National Union further asserts that Fannie Mae's conduct of its business was adversely impacted by alleged material inadequacies and weaknesses in its internal controls and accounting systems and that these inadequacies and weaknesses were material to National Union's underwriting decisions and undisclosed to National Union at the time of underwriting the Bond.

    ACE asserts the same defenses as National Union.  In addition, ACE asserts various other defenses applicable only to the Excess Bond.

    ACE contends that coverage is unavailable pursuant to paragraph II.A. of the Excess Bond, which provides that liability for covered Loss shall attach to ACE only after National

Union shall have paid the full amount of its Bond's Underlying Limit and the Insureds shall have paid the full amount of the deductible.

ACE also contends that coverage under the Excess Bond is unavailable because Section IV.A. of the Excess Bond provides that the Excess Bond shall not grant broader coverage than would be provided by the underlying Bond.

ACE further contends that coverage under the Excess Bond is unavailable because the plaintiff breached the "cooperation clause" set forth in Condition V.C. of the Excess Bond.

Finally, ACE asserts that its liability, if any, is limited by the "Limit of Liability" clause (Section II) contained in the Excess Bond.

**II.   Matters Discussed at Conference**

**(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

All parties believe that all or substantial parts of the case can be resolved by summary judgment at the appropriate time.

**(2)   The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

(a)   Fannie Mae

September 15, 2006

(b)   National Union and ACE

September 30, 2006

**(3)   Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

No.

**(4)   Whether there is a realistic possibility of settling the case.**

    (a)    Fannie Mae

Fannie Mae does not yet know whether there is a realistic possibility of settling the case in advance of rulings on likely summary judgment motions and/or trial.

    (b)    National Union and ACE

Yes.

**(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

    (a)    Fannie Mae

At the appropriate time, the case may benefit from ADR. No steps need to be taken at this time to facilitate ADR. Counsel for Fannie Mae has discussed ADR and the response to this question with Fannie Mae.

    (b)    National Union and ACE

The case may benefit from ADR after discovery is completed.

**(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

    (a)    Fannie Mae

| | |
|---|---|
| Deadline for filing dispositive motion: | May 4, 2007 |
| Deadline for filing opposition to dispositive motion: | June 1, 2007 |
| Deadline for filing reply to dispositive motion: | June 15, 2007 |

    (b)    National Union and ACE

| | |
|---|---|
| Deadline for filing dispositive motion: | November 9, 2007 |
| Deadline for filing opposition to dispositive motion: | December 10, 2007 |
| Deadline for filing reply to dispositive motion: | December 31, 2007 |

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(l), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

    (a)    Fannie Mae

Yes.

    (b)    National Union and ACE

Yes.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

    (a)    Fannie Mae

This action was filed in December 2005 and amended to add ACE in January 2006. Fannie Mae has propounded interrogatories and document requests to both National Union and ACE, and has received written objections and responses thereto. National Union has propounded written document requests to Fannie Mae, and Fannie Mae has provided written responses. The parties should commence the production of documents within the next week or so following the finalization of a Stipulated Protective Order which Fannie Mae has circulated. Accordingly, formal discovery is well under way.

Further National Union and ACE conducted a year-long investigation of Fannie Mae's claim prior to the commencement of this litigation. During the insurers' year-long investigation, Fannie Mae: (a) produced or made available over ninety thousand (90,000) pages of documents to National Union and ACE (both with Fannie Mae's Proof of Loss and in response to National Union's written requests for documents); and (b) responded in writing to approximately 35 written and oral questions propounded by National Union. Also, Fannie Mae met with National Union, ACE and their consultants on several occasions to explain Fannie Mae's claim and to

answer each insurer's questions about the claim and about how the loss occurred. As part of these meetings, Fannie Mae made available several of its officer-level employees for questioning by National Union and ACE. Contrary to the insurers' contention below, the information Fannie Mae provided was in no manner limited to the quantum of Fannie Mae's loss (which is simply the unpaid principal balance of the loans at issue), but went to the heart of how the loss occurred and why the loss is covered by the Bond and Excess Bond. Fannie Mae went to great lengths to respond to the insurers' broad and extensive information requests, and the insurers did not complain during their investigation that Fannie Mae was failing to cooperate.

Accordingly, National Union and ACE already have obtained extensive and ample discovery about Fannie Mae's claim, the actions from which it results, Fannie Mae's business practices and other matters. Little additional time for discovery is necessary or appropriate. The parties should be able to complete all factual discovery by the end of 2006.

Fannie Mae therefore proposes the following schedule:

| | |
|---|---|
| Plaintiff and each defendant shall be permitted to propound interrogatories, requests for production of documents, and requests for admission (collectively "written discovery") in accordance with the Federal Rules of Civil Procedure. | |
| Deadline for completing written discovery (Note: all written discovery must be served to the responding party 30 days in advance of the deadline) | November 10, 2007 |
| Plaintiff shall be permitted to take up to 10 depositions (excluding experts). Defendants (collectively) shall be permitted to take up to 10 depositions (excluding experts). Each deposition shall be completed within 7 hours unless otherwise ordered by the Court or agreed to by all parties. | |
| Deadline for deposing fact witnesses | December 31, 2006 |
| Plaintiff's and Defendants' Rule 26(a)(2) disclosures of experts and reports | February 2, 2007 |

| | |
|---|---|
| Plaintiff's and Defendants rebuttal Rule 26 (a)(2) disclosures of experts and reports. | March 2, 2007 |
| Deadline for deposing experts | April 6, 2007 |
| Interim Status Conference | April 15, 2007 |

      (b)    National Union and ACE

By agreement, the parties initiated limited discovery in this matter. Fannie Mae served Interrogatories and Requests for Production on both ACE and National Union. Both Defendants served written responses to these requests, but no documents have been produced. Fannie Mae provided written response to National Union's Request for Production, but no documents have been produced. It is anticipated that documents will be exchanged once the parties complete negotiations of the terms of (and obtain Court approval of) a Stipulated Protected Order.

Fannie Mae produced documents and responded to requests for information prior to the commencement of this lawsuit. However, the information and materials provided predominately related to the quantum of damages sought in the claim and selected aspects of Olympia's activities. Fannie Mae did not, however, provide sufficient, if any, evidence regarding critical aspects of plaintiff's burden to prove coverage, such as whether the loss occurs in Olympia's acts as a servicer of mortgages, and regarding defendants' affirmative defenses, such as whether an exclusion applies because, acting outside of its charter, Fannie Mae provided warehousing funds for the refinancings. Fannie Mae was sufficiently opaque and evasive during the coverage investigation that both National Union and ACE were compelled to plead Fannie Mae's failure to cooperate in the coverage investigation as an affirmative defense. As such, Defendants require substantial time to complete discovery (and resolve anticipated motions to compel discovery) in this matter.

| | |
|---|---|
| Number of Depositions | No more than 20 depositions per side, excluding experts |
| Limit on Discovery | Each deposition should take no more than 7 hours<br>Parties shall be entitled to serve up to 50 interrogatories |
| Protective Order: | Necessary (Proposed Order has been circulated) |
| Completion of Written Discovery: | March 15, 2007 |
| Completion of Fact Witness Depositions: | April 16, 2007 |
| Deadline for serving Requests for Admission | April 16, 2007 |
| Deadline for responding to Requests for Admission | May 15, 2007 |

**(9)   Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

    (a)    Fannie Mae

No modifications to Rule 26(a)(2) are necessary. As outlined in response to question 8, expert discovery should be completed by April 6, 2007.

    (b)    National Union and ACE

No modifications to Rule 26(a)(2).

Deadline for deposing experts: October 15, 2007

**(10)   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    (a)    Fannie Mae

No. Any bifurcation will result in witnesses testifying two or more times and a waste of judicial and the parties' resources.

  (b)  National Union and ACE

In this case, it would be appropriate to bifurcate damages and liability.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

  (a)  Fannie Mae

July 29, 2007

  (b)  National Union and ACE

January 15, 2008

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

  (a)  Fannie Mae

The Court should set a firm trial date at the first scheduling conference. The trial should be set for no later than October 2007.

  (b)  National Union and ACE

To be set at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

  None.

**III.     Proposed Rule 16(b) Scheduling Order**

The parties were not able to agree to a proposed discovery plan. Therefore, Scheduling Orders proposed by Fannie Mae is attached hereto as Exhibits A and the Scheduling Order proposed by the Defendants National Union and ACE is attached hereto as Exhibit B.

Respectfully submitted,

_____/s/_____
Matthew J. Schlesinger, Esq.
   (D.C. Bar No . 429689)
Edward J. McAndrew, Esq.
   (D.C. Bar No. 457227)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 414-9200
Fax (202) 414-9299

Counsel for Plaintiff
Fannie Mae


WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


_____/s/_____
Paul D. Krause, Esq. (Bar No. 222069)
Robert B. Wallace, Esq. (Bar No.108571)
1341 G Street, N.W.
Suite 500
Washington, D.C.  20005
(202) 626-7660
Fax (202) 628-3606

*Counsel for Defendant, National Union
Fire Insurance Company of Pittsburgh, PA*

                        DRINKER, BIDDLE & REATH

                          /s/
                      Alan J. Joaquin, Esq. (Bar No.446276)
                      Drinker, Biddle & Reath
                      1500 K Street, N.W.
                      Suite 1100
                      Washington, D.C. 20005
                      (202) 842-8832
                      Fax (202) 842-8465

                      ***Counsel for Defendant***
                      ***ACE American Insurance Co.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the **Joint Local Civil Rule 16.3 Report and Proposed Scheduling Orders** were served, via electronic filing, on the 22nd day of August 2006, on:

>Robert B. Wallace, Esq.
>Wilson, Elser, Moskowitz,
>Edelman & Dicker LLP
>1341 F Street, N.W.
>Suite 500
>Washington, D.C. 20005
>
>Alan J. Joaquin, Esq.
>Drinker, Biddle & Reath
>1500 K Street, N.W.
>Suite 1100
>Washington, D.C. 20005

 ／s／
Matthew J. Schlesinger