UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br>   Plaintiff,<br> v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br>and<br>ACE AMERICAN INSURANCE COMPANY,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2462 (RMU/AK)<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is Plaintiff Federal National Mortgage Association's Motion to Compel ("Motion") [filed under seal at 41], Defendant National Union Fire Insurance Company's ("National Union") opposition to the Motion ("National Union Opposition") [filed under seal at 51 ], Defendant ACE American Insurance Company's ("ACE") opposition to the Motion ("American Insurance Opposition") [filed under seal at 49], and Plaintiff's reply to Defendants' Oppositions ("Reply") [filed under seal at 55]. Plaintiff's Motion requests that this Court compel the production of certain documents that are being withheld by Defendants on asserted grounds of privilege or protection. This Court has reviewed the parties' pleadings and determined that it would be beneficial to perform an *in camera* review of the contested documents prior to ruling on the Motion.

Prior to the provision of any documents to this Court, the parties are instructed to confer to ascertain that *all* contested documents are produced to the Court at one time. The Court instructs the parties to confer to avoid confusion regarding identification [by Bates numbers] of such documents. The Court issues this instruction because of certain confusion and inconsistencies in

the parties' pleadings. For example, Plaintiff's Motion indicated Plaintiff's belief that it was entitled to "documents with check marks that have not been produced" [referencing check marks on the privilege log attached at Joint Exhibit WW][1] as well as all:

> 1) documents pre-dating the filing of litigation that appear on pages 5-12 [of the log]; 2) the documents with Bates No. PRIV NU 01181-1228 on page 47 [of the log]; 3) the documents on pages 50-52 and 54-56; 4) the redacted portions of documents listed on page 58; and 5) all redacted entries in Barbara Leone's Toolkit Notes which are set out on pages 75-77, with the exception of reserves information.

(Memorandum in support of Motion at 3.)[2]

In its Reply, Plaintiff attaches an abbreviated National Union privilege log, but even taking into account documents that were recently produced by National Union, this revised log does not appear to correspond exactly with the list of check marked documents and documents enumerated above. (Reply, Exh. 1.) For example, Documents PRIV NU 00122-00123 are located on page 5 of the log and pre-date the filing of litigation, but they are not listed on the revised log.

Regarding the ACE privileged documents, ACE noted that "documents that are the subject of [Plaintiff's] Motion to Compel are the checkmarked documents on ACE's 'Third Revised Privilege Log' that is at the end of Joint Exhibit WW." (Opposition at 4.) The Court notes that there are 26 check marks on the log; however, when ACE describes the documents at issue, it

---

[1] The privilege log, which lists contested documents at the heart of this Motion, is referenced by Plaintiff as "the attached National Union privilege log" (Memorandum in Support of Motion at 3, n.3); however, the log is not attached to the Motion but instead attached to a separate document, at Exhibit WW. This fact is noted in a later footnote in Plaintiff's Motion.

[2] The Court notes that such piecemeal listing of privileged documents makes it difficult to accurately identify the documents at issue. Furthermore, the log attached at WW is missing pages 43-47 and page 42 is not completely legible.

categorizes them in groups of : 17 documents that contain protected work product; 12 documents protected by common interest doctrine and work product; 1 document withheld on grounds of attorney-client privilege; 3 documents that are not relevant; and 2 documents that redacted only reserve information. The Court is unclear whether ACE is referring to 35 separate documents or whether it is referring to the 26 check marked documents, some of which may fall into one or more enumerated categories.

    Accordingly, it is this 28th day of May, 2008,

    ORDERED that the Motion [41] is deferred until after this Court performs an *in camera* review of the contested documents to determine the applicability of such privilege or protection. Within two weeks from the date of this Memorandum Order, Defendants National Union and ACE shall provide the undersigned with a copy of all currently contested documents and a privilege log corresponding to the same. Duplicate copies of documents should be noted on the log. Prior to providing the undersigned with a copy of the documents, Defendants should confirm with Plaintiff the Bates numbers of the contested documents to ensure that all such contested documents are presented to the Court.

```
              /s/
         ALAN KAY
         UNITED STATES MAGISTRATE JUDGE
```